# STANDARD RICE COMPANY, INC., Plff.,

*v.*

# FLORENTINO CARRERA ET AL., Dft.

---

# STANDARD RICE COMPANY, INC., Plff.,

*v.*

# CASTRILLON & COMPANY, Dft.

---

San Juan, Law, Nos. 1403, 1404.

CONTRACT FOR SALE OF RICE.

Sale of Merchandise—Resale on Refusal.
> 1. If the vendee improperly refuses to accept goods consigned to him, the vendor has a right to reduce damages by selling the property to someone else.

Interstate Transaction—Suit.
> 2. Selling goods by an interstate transaction is not doing business which can be controlled, as to suit, or otherwise, by local laws. A person purchasing property cannot, in order to avoid payment, allege invalidity in the sale.

Opinion filed January 11, 1921.

---

*Mr. Frazer* for plaintiff.

*Messrs. Travieso* and *Kelley* for defendants.

NOTE.—On resale to fix damages for refusal of purchaser to accept goods, see note in 42 L.R.A. (N.S.) 669.

Standard Rice Company v. Carrera.

HAMILTON, Judge, delivered the following opinion:

These are two cases that stand upon the same footing and can be handled together. They seem to have the same attorneys. Each suit seems to be brought upon the sale of rice by a Texas corporation to a partnership organized under the laws of Porto Rico, but composed of subjects of the King of Spain. The demurrer in each case is the same. The complaint is for the sale of rice in the ordinary course of business from the place of the firm in Texas so far as appears, and the default alleged is that the plaintiff complied with his contract in shipping the goods but the defendants refused to accept. Now, why they refused is not stated, and I do not know. It may have been a good reason, but I have to take the matter upon the complaint and the demurrer. The demurrer sets up two points, first, that the complaint does not state facts sufficient to constitute a cause of action. There is no brief, and I am not referred to any particular reason why there is insufficiency. The demurrer is in the general form which this court cannot accept as a demurrer, and it could be overruled on that account. I might go further and say that the point which was suggested on the submission was that the plaintiff cannot sell and charge the defendant with the difference. That would hardly be true. Of course, if the defendants properly refused the goods, that would be an absolute defense to the claim, but on the complaint as filed it would seem that the refusal was wrongful. Now, that brings damages to the plaintiff, and the general rule in all cases is that the plaintiff must lessen the damages as well as he can, and he seems to have attempted to do so in this case by selling the goods, necessarily perhaps at a lower price, and he charges

the defendant with the difference. So far as appears, this would seem to be a proper procedure.

As to the second demurrer, that the complaint does not show that the plaintiff had the necessary legal capacity to do business within the Island and as a foreign corporation to bring suit within a court in Porto Rico. That would seem to bring up the point that Porto Rico, like states on the mainland, has regulations as to doing business within its limits. That principle and practice are perfectly correct, but I hardly think they apply to the case at bar. The shipment alleged is an interstate shipment from Texas to Porto Rico, and there cannot be said to be any business transacted over which the Island of Porto Rico has any jurisdiction until the goods have arrived here and been delivered here, unless the plaintiff was doing business through an agent or branch here in the Island of Porto Rico. That is not alleged and so need not be considered. If this was, as would seem to be from the complaint, an ordinary interstate shipment, the defendant can hardly set up any incapacity in the matter. If the defendant made the contract, he surely is estopped from setting up the fact that after he had induced the plaintiff to part with the goods, to send the goods, he is estopped from setting up that the plaintiff had no right to send the goods. He has contracted with him, he has waived everything of that sort. It would look as though common honesty would forbid any such procedure. So from either point of view, from either demurrer, it would seem that the plaintiff has, so far as appears from the complaint, a good cause of action.

In both cases the demurrer is, therefore, overruled, and the usual steps will be taken in that regard.

It is so ordered.